IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MARIBEL CRUZ JOSE,** | § | |
| *Petitioner* | § | |
| v. | § | |
| **CHAD F. WOLF, ACTING SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; WILLIAM BARR, ATTORNEY GENERAL OF THE UNITED STATES; TONY H. PHAM, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; JOSE CORREA, FIELD OFFICE DIRECTOR, SAN ANTONIO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; AND CHARLOTTE COLLINS, WARDEN, T. DON HUTTO RESIDENTIAL CENTER, IN THEIR OFFICIAL CAPACITIES,** | § | A-20-CV-925-LY-SH |
| *Respondents* | § | |

**ORDER**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner's Opposed Motion for an Order to Show Cause Requiring Respondents to Timely Respond (Dkt. 3), filed on September 8, 2020. The District Court referred this case to the undersigned Magistrate Judge for disposition and Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1, Appendix C of the Local Rules of the U.S. District Court for the Western District of Texas.

**I. Background**

Petitioner Maribel Cruz Jose, an indigenous Mixtec woman from a disputed territory within Mexico, alleges that she has been detained for nearly eight months while she pursues claims for

1

asylum, withholding of removal, and protection under the Convention Against Torture. Petitioner alleges that she and her minor sister fled "their ancestral land" in Mexico over fears of "persecution and torture." Dkt. 1 ¶ 1; Dkt. 3 at 2. Petitioner alleges that when they arrived at the international port of entry in Brownsville, Texas, on January 14, 2020, they were processed as asylum-seekers. Dkt. 1 ¶ 1; Dkt. 3 at 2. Petitioner further alleges that the Department of Homeland Security ("DHS") forcibly separated her from her sister and placed Petitioner in the custody of U.S. Immigration and Customs Enforcement ("ICE"). Petitioner is currently detained at T. Don Hutto Residential Center.

Petitioner, who speaks a rare variant of an indigenous language, alleges that "[t]he immigration court has been unable to provide any interpreter with whom she can communicate at any time over the course of her immigration proceedings." Dkt. 1 ¶ 1. In addition, Petitioner contends that Respondents have never provided her with a custody hearing before a neutral arbiter to determine whether her continued detention is justified by a risk of flight or danger to the community if she is released. She further alleges that ICE has denied her repeated requests to be released on parole pursuant to 8 U.S.C. § 1225(b).

On September 8, 2008, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241, challenging the "Respondents' authority under the Fifth Amendment to continue her already prolonged detention." Dkt. 1 at 2. Petitioner asks that the Court order her immediate release or, in the alternative, a custody hearing before a neutral arbiter to determine whether and under what conditions she may be released from detention. Petitioner also has filed this Opposed Motion for an Order to Show Cause Requiring Respondents to Timely Respond pursuant to 28 U.S.C. § 2243.

## II. Analysis

Petitioner asks the Court "to order Respondents to make a timely response to her habeas petition within three days," as provided in 28 U.S.C. 2243. Dkt. 3 at 2. Petitioner's reliance on § 2243, however, is misplaced.

In 1948, Congress enacted § 2243 to govern the issuance of writs of habeas corpus, the returns or answers of respondents, as well as hearing s and decision on petitions for writs of habeas corpus. *Castillo v. Pratt*, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001). Section 2243 provides, in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.
>
> The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.
>
> When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.

28 U.S.C. § 2243.

Although petitions under § 2241 initially were governed by the aggressive time limits laid out in § 2243, such petitions now are governed by the Rules Governing Section 2254 Cases ("§ 2254 Rules"), which were promulgated by the Supreme Court in 1976. *Castillo*, 162 F. Supp. 2d at 577. Under Rule 1, courts in their discretion may apply the rules to habeas petitions other than those arising under § 2254, such as § 2241 petitions. Rules Governing § 2254 Cases, Rule 1, 28 U.S.C. foll. § 2254. Rule 4 further provides that, "[i]f the petition is not dismissed, the judge must order

3

the respondent to file an answer, motion, or other response *within a fixed time*, or to take other action the judge may order." *Id.* at Rule 4 (emphasis added). Rule 12 provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." *Id.* at Rule 12.

The Supreme Court promulgated these rules pursuant to its "power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals." 28 U.S.C. § 2072. Section 2072(b), in turn, specifically provides that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect," and that nothing in Title 28 "shall in any way limit, supersede, or repeal any such rules heretofore prescribed by the Supreme Court." Accordingly, courts that have examined the § 2254 Rules, in conjunction with § 2243, have held that "the strict time limit prescribed by § 2243 is subordinate to the Court's discretionary authority to set deadlines under Rule 41 of the Rules Governing § 2254 Cases." *Maniar v. Warden Pine Prairie Corr. Ctr.*, No. 6:18-CV-00544, 2018 WL 4869383, at *1 (W.D. La. May 2, 2018) (collecting cases); *accord Y.V.S. v. Wolf*, No. EP-20-CV-00228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020); *Taylor v. Gusman*, No. CV 20-449, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020); *Gordon v. Dir., TDCJ-CID*, No. 4:17CV786, 2018 WL 3060533, at *1 (E.D. Tex. Apr. 25, 2018), *report and recommendation adopted*, 2018 WL 3046540 (E.D. Tex. June 19, 2018); *Castillo*, 162 F. Supp. 2d at 576.

In support of her request that the Court order Respondents to respond to her Petition in three days, Petitioner asserts that this case does not present complex questions of fact or law, and notes that the habeas statute contemplates a timely hearing and remedy. The Court finds that allowing Respondents only three days to respond to her § 2241 Petition is unreasonable, and instead applies

its discretion under Rule 4 of the § 2254 Rules to order Respondents to respond to the Petition within twenty-one days.

Accordingly, Petitioner's Opposed Motion for an Order to Show Cause Requiring Respondents to Timely Respond (Dkt. 3) is **GRANTED IN PART AND DENIED IN PART**. **IT IS ORDERED** that Respondents **FILE** an answer or other response to the petition within **twenty-one (21) days** of the date of service of the Petition on Respondents. If Petitioner desires to file a reply to Respondents' response, she is ordered to do so within **ten (10) days** of the date of service of the response on her. Once the reply has been filed or the time to do so has elapsed, the undersigned will determine and direct any further proceedings in this matter.

**SIGNED** on September 9, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE